thing that appellant testified to is not made clear. It would be rather an extreme construction for us to say that it is. From all of the evidence in the case there is little to raise an issue controverting appellant's story of a conflict between himself and others prior to the shooting. He does not tie himself to specific details and neither does the witness Martinez. The verdict of the jury finding appellant guilty of murder without malice too clearly indicates that the jury found in favor of appellant's story about others attacking him.

In our view no reversible error was committed by the procedure complained of. Appellant's motion for rehearing is overruled.

surrendered to officers of the State of Louisiana by virtue of a certain warrant of extradition.

We find no statement of facts in the record, nor do we find any bills of exception therein. Therefore, we see nothing herein calling for a review of this matter upon our part.

The judgment of the trial court is affirmed.

## Ex parte THOMAS.
### No. 25728.

Court of Criminal Appeals of Texas.

Feb. 27, 1952.

No attorney on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Presiding Judge.

The relator seems to be held by the Sheriff of Dallas County, Texas, to be

## SHAWHART v. STATE.
### No. 25724.

Court of Criminal Appeals of Texas.

Feb. 27, 1952.

James L. Cutcher, of Childress, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of possessing intoxicating liquor for the purpose of sale in a dry area and assessed a fine of $500 and sixty days in jail.

The record discloses that appellant and the county attorney failed to agree on a statement of facts and that the Judge of Childress County prepared a statement of facts and filed the same.